1  NICOLE AMARILLAS
2  4701 Broomtail Court
   Antioch, California 94531
3  GoldyGarcia76@gmail.com

4

5  In *Sui Juris*

6

7

8

9           UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA          DMR

11 Nicole Amarillas,                    )  Case No.
                                        )  CV  16  6719  1
12              Plaintiff,              )
                                        )  VERIFIED COMPLAINT FOR:
13      v.                              )  1. PERMANENT INJUNCTION,
                                        )  2. CIVIL PENALTIES,
14 MIDLAND CREDIT MANAGEMENT,           )  3. RESTITUTION AND OTHER
   et al,                               )     EQUITABLE RELIEF
15                                      )
                Defendants.             )
16 _____ )
                                        )
17                                      )

18

19

20

21

22

23

24

25

26

27

28

Nicole Amarillas, (hereafter "Plaintiff"), a woman over the age of majority, in Her right mind, sues Defendants Midland Credit Management, Inc. ("Midland"), TransUnion, Experian and Equifax, and declares as follows:

## PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of Midland's false reporting to TransUnion, Experian and Equifax of an alleged delinquent debt of the Plaintiff and TransUnion, Experian and Equifaxs' failure to correct Midland's false reporting on Plaintiff's TransUnion, Experian and Equifax credit report.

## PARTIES

2.    Plaintiff is currently and was at all relevant times a citizen of the County of Contra Costa, California.

3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.    Defendant, Midland, is a corporation doing business in the state of California with its principal place of business at: 3111 Camino Del Rio N, Suite 103. San Diego, California 92108.

5.    Midland is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.    Defendant, TransUnion, is a corporation organized under the laws of the United States of America and is headquartered in Chicago, Illinois.

7.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.    TransUnion is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of

1    furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third

2    parties.

3        9.     Defendant Experian is a corporation organized under the laws of the

4    United States of America and is headquartered in Costa Mesa, California.

5        10.    Experian is a "consumer reporting agency that compiles and maintains

6    files on consumers on a nationwide basis" as that term is defined by the FCRA, 15

7    U.S.C. §1681a(o).

8        11.    Experian is regularly engaged in the business of assembling, evaluating

9    and dispensing information concerning consumers for the purpose of furnishing

10   "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11        12.    Defendant Equifax is a corporation organized under the laws of the

12   United States of America and is headquartered in Atlanta, Georgia.

13        13.    Equifax is a "consumer reporting agency that compiles and maintains

14   files on consumers on a nationwide basis" as that term is defined by the FCRA, 15

15   U.S.C. §1681a(o).

16        14.    Equifax is regularly engaged in the business of assembling, evaluating

17   and dispensing information concerning consumers for the purpose of furnishing

18   "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

19                                **JURISDICTION**

20        15.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15

21   U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions

22   and occurrences giving rise to this action occurred in Contra Costa County, California

23   as a result of the Defendants doing business in California.

24      **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

25        16.    On or around April 2016, upon checking Plaintiff's personal credit

26   report, Plaintiff noticed Midland reporting two [2] derogatory remarks in the form of

27   "collections" on Plaintiff's credit for $659 and $573, respectively.

28

17.    As a result of Defendants reporting and publishing inaccurate/false information, Plaintiff discovered the FCRA.

18.    On or around May 2016 Plaintiff called Midland and disputed the collections they were falsely reporting.

19.    On or around 20 June 2016 Plaintiff sent Midland a letter of conditional acceptance/letter of dispute delivered via USPS Mail.

20.    On the same day Plaintiff called Experian, TransUnion and Equifax and disputed the collections they were reporting.

21.    On or around 27 June 2016 Plaintiff received a response in the form of a letter dated 6-24-2016 from Midland. Midland did not comply with the requests of the dispute letter.

22.    On or around 28 June 2016 at approximately 12:30 p.m. Plaintiff called Midland at the phone number listed on their letter and spoke with an agent that was still not able to validate the alleged debt by showing proof of claim.

23.    An agent for Midland stated the letter Plaintiff had received was "sufficient in validating the debt according to their compliance".

24.    On or around 25 July 2016 Plaintiff sent Midland a second letter of conditional acceptance/letter of dispute delivered via USPS Mail.

25.    Midland failed or refused to answer the second notice of conditional acceptance/letter of dispute.

26.    On or around 25 July 2016 Plaintiff called Experian, TransUnion and Equifax and disputed the derogatory remarks for a second time because they were still publishing the defamatory information.

27.    Plaintiff sent Midland a Notice of Default dated 10 August 2016 via USPS mail.

28.    On 12 September 2016 Plaintiff called Experian, TransUnion and Equifax to notify them that they were still publishing false information that is injuring Plaintiff.

29.     On 16 November 2016 Plaintiff disputed the alleged debts for a third time with Experian, TransUnion and Equifax.

30.     Defendants refuse to remove the derogatory remarks on Plaintiff's personal credit.

31.     Plaintiff alleges that Defendants did not do their due diligence in investigating the validity of the alleged debt.

32.     Plaintiff alleges that Defendants are intentionally and willfully reporting/publishing inaccurate information in attempt to injure Plaintiff's personal credit.

33.     Plaintiff is being injured as a proximate result.

34.     Plaintiff has been denied credit as a proximate result.

35.     Plaintiff is entitled to money damages as a proximate result.

<div align="center">

**COUNT I**
**Negligence – Midland**
</div>

36.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.     Midland's false reporting to TransUnion, Experian and Equifax regarding the alleged delinquent debt is negligent under applicable law.  In falsely reporting the alleged debt as delinquent, Midland breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

38.     Midland's false reporting to TransUnion, Experian and Equifax regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Midland's false reporting to TransUnion, Experian and Equifax regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefore.

**Negligence – TransUnion**

39.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.     TransUnion, failure to remove Midland's false report of Plaintiff's alleged delinquency from Plaintiff's TransUnion credit report, despite Plaintiff's lawful notices to TransUnion of the falsity of the report, was negligent.  In failing to remove Midland's false reports of Plaintiff's alleged delinquency, TransUnion, breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

41.     TransUnion's negligent failure to remove Midland's false reports of Plaintiff's alleged debt from Plaintiff's TransUnion credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

42.     TransUnion's failure to remove Midland's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to TransUnion of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefore.

**Negligence – Experian**

43.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     Experian's failure to remove Midland's false report of Plaintiff's alleged delinquency from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.  In failing to remove Midland's false reports of Plaintiff's alleged delinquency, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to <u>maintain accurate</u>

1 | credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's
2 | rights.

3 |      45.    As a proximate result, Experian's negligent failure to remove Midland's
4 | false reports of Plaintiff's alleged debt of the Plaintiff's Experian credit report has
5 | caused Plaintiff to suffer substantial money damages and damage of character and
6 | reputation, including, but not limited to, Plaintiff being denied car loans, home loans,
7 | furniture loans, humiliation and embarrassment, a substantial decline in Plaintiff's
8 | credit rating, and other compensatory and consequential damages.

9 |      46.    Experian's failure to remove Midland's false report of Plaintiff's alleged
10 | debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the
11 | falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages
12 | therefore.

13 | <center>**Negligence – Equifax**</center>

14 |      47.    Plaintiff hereby adopts and incorporates the allegations contained in
15 | paragraphs 1 through 46 as if fully set forth herein.

16 |      48.    Equifax's failure to remove Midland's false report of Plaintiff's alleged
17 | delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to
18 | Equifax of the falsity of the report, was negligent.  In failing to remove Midland's
19 | false reports of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff
20 | to thoroughly investigate any and all credit reporting disputes and to maintain accurate
21 | credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's
22 | rights.

23 |      49.    As a proximate result, Equifax's negligent failure to remove Midland's
24 | false reports of Plaintiff's alleged debt of the Plaintiff's Equifax credit report has
25 | caused Plaintiff to suffer substantial money damages and damage of character and
26 | reputation, including, but not limited to, Plaintiff being denied car loans, home loans,
27 | furniture loans, humiliation and embarrassment, a substantial decline in Plaintiff's
28 | credit rating, and other compensatory and consequential damages.

50.   Equifax's failure to remove Midland's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to EQUIFAX of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefore.

## COUNT II
### Defamation – Midland

51.   Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52.   Midland, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, TransUnion, Experian and Equifax that Plaintiff was past due on the alleged Midland account and that the Midland account was in collection status. Midland's statements were made with conscious disregard for the rights of the Plaintiff.

53.   Midland's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

### Defamation – TransUnion

54.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.   TransUnion, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Midland and other currently unknown entities and/or individuals who have accessed Plaintiff's TransUnion credit report, that Plaintiff was past due on the alleged Midland account and that Midland was in collection status. In publishing such statements, TransUnion acted with conscious disregard for the rights of the Plaintiff.

56.   TransUnion's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

- 7 -

1  defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special,
2  consequential and punitive damages therefore.

3                          **Defamation – Experian**

4      57.   Plaintiff hereby adopts and incorporates the allegations contained in
5  Paragraphs 1 through 56 as if fully set forth herein.

6      58.   Experian, with knowledge of the falsity of its statements, has published
7  and continues to publish statements to others, including, but not limited to,
8  MIDLAND and other currently unknown entities and/or individuals who have
9  accessed Plaintiff's Experian credit report, that Plaintiff was past due on the alleged
10 Midland account and that Midland was in collection status.  In publishing such
11 statements, Experian acted with conscious disregard for the rights of the Plaintiff.

12     59.   Experian's publication of false statements regarding Plaintiff's
13 creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and
14 defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special,
15 consequential and punitive damages therefore.

16                          **Defamation – Equifax**

17     60.   Plaintiff hereby adopts and incorporates the allegations contained in
18 Paragraphs 1 through 59 as if fully set forth herein.

19     61.   Equifax, with knowledge of the falsity of its statements, has published
20 and continues to publish statements to others, including, but not limited to,
21 MIDLAND and other currently unknown entities and/or individuals who have
22 accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged
23 MIDLAND account and that MIDLAND was in collection/delinquent status.  In
24 publishing such statements, Equifax acted with conscious disregard for the rights of
25 the Plaintiff.

26     62.   Equifax's publication of false statements regarding Plaintiff's credit-
27 worthiness and Plaintiff's alleged delinquent debt amounts to defamation and

28

1  defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special,
2  consequential and punitive damages therefore.

3  **COUNT III**

4  **Negligent Violation of the Fair Credit Reporting Act – Midland**

5  63.    Plaintiff hereby adopts and incorporates the allegations contained in
6  Paragraphs 1 through 62 as if fully set forth herein.

7  64.    Midland's false reporting to TransUnion, Experian and Equifax of
8  Plaintiff's alleged delinquency is a violation of Midland's duties as a furnisher of
9  credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

10  65.    Midland's violations of the FCRA amount to negligent non-compliance
11  with the FCRA as stated in 15 U.S.C. §1681o for which Midland is liable to Plaintiff
12  for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys'
13  fees.

14  **Negligent Violation of the Fair Credit Reporting Act – TransUnion**

15  66.    Plaintiff hereby adopts and incorporates the allegations contained in
16  Paragraphs 1 through 65 as if fully set forth herein.

17  67.    TransUnion's repeated failure to remove the disputed item from
18  Plaintiff's credit report despite knowledge of the falsity of the disputed item is a
19  violation of TransUnion's duty to ensure maximum possible accuracy of consumer
20  reports under 15 U.S.C. §1681e(b) and TransUnion's duties regarding investigation of
21  disputed items under 15 U.S.C. §1681i.

22  68.    TransUnion's failure to evaluate or consider any of Plaintiff's
23  information, claims or evidence, and its failure to make any and/or sufficient attempts
24  to remove the disputed item from Plaintiff's credit report within a reasonable time
25  following TransUnion's receipt of Plaintiff's dispute is a violation of TransUnion's
26  duties regarding investigation of disputed items under 15 U.S.C. §1681i.
27  TransUnion's violations of the FCRA amount to negligent non-compliance with the
28  FCRA as stated in 15 U.S.C. §1681o, for which TransUnion is liable to Plaintiff for

1  Plaintiff's actual damages, for statutory damages, punitive damages which arise and

2  for Plaintiff's attorney's fees.

3  **Negligent Violation of the Fair Credit Reporting Act – Experian**

4        69.    Plaintiff hereby adopts and incorporates the allegations contained in

5  Paragraphs 1 through 68 as if fully set forth herein.

6        70.    Experian's repeated failure to remove the disputed item from Plaintiff's

7  credit report despite knowledge of the falsity of the disputed item is a violation of

8  Equifax's duty to ensure maximum possible accuracy of consumer reports under 15

9  U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items

10  under 15 U.S.C. §1681i.

11        71.    Experian's failure to evaluate or consider any of Plaintiff's information,

12  claims or evidence, and its failure to make any and/or sufficient attempts to remove

13  the disputed item from Plaintiff's credit report within a reasonable time following

14  Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding

15  investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the

16  FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.

17  §1681o, for which EXPERIAN is liable to Plaintiff for Plaintiff's actual damages, for

18  statutory damages, and for Plaintiff's fees associated with filing suit.

19  **Negligent Violation of the Fair Credit Reporting Act – Equifax**

20        72.    Plaintiff hereby adopts and incorporates the allegations contained in

21  Paragraphs 1 through 71 as if fully set forth herein.

22        73.    Equifax's repeated failure to remove the disputed item from Plaintiff's

23  credit report despite knowledge of the falsity of the disputed item is a violation of

24  Equifax's duty to ensure maximum possible accuracy of consumer reports under 15

25  U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under

26  15 U.S.C. §1681i.

27        74.    Equifax's failure to evaluate or consider any of Plaintiff's information,

28  claims or evidence, and its failure to make any and/or sufficient attempts to remove

1   the disputed item from Plaintiff's credit report within a reasonable time following
2   Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding
3   investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the
4   FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.
5   §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for
6   statutory damages, punitive damages which arise and for Plaintiff's fees associated
7   with filing suit.

8                                    **COUNT IV**
9              **Willful Violation of the Fair Credit Reporting Act – Midland**

10         75.   Plaintiff hereby adopts and incorporates the allegations contained in
11  Paragraphs 1 through 74 as if fully set forth herein.

12         76.   Midland's false reporting to TransUnion, Experian and Equifax of
13  Plaintiff's alleged delinquency, despite Midland's knowledge of the falsity of its
14  reporting, is a willful violation of Midland's duties as a furnisher of credit information
15  pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

16         77.   Given Midland's knowledge of the falsity of its reporting, Midland's
17  violations of the FCRA amount to willful non-compliance with the FCRA as stated in
18  15 U.S.C. §1681n for which Midland is liable to Plaintiff for Plaintiff's actual
19  damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's
20  fees.

21            **Willful Violation of the Fair Credit Reporting Act – TransUnion**

22         78.   Plaintiff hereby adopts and incorporates the allegations contained in
23  Paragraphs 1 through 77 as if fully set forth herein.

24         79.   TransUnion's failure to remove the disputed item from Plaintiff's credit
25  report despite knowledge of the falsity of the disputed item is a willful violation of
26  TransUnion's duty to ensure maximum possible accuracy of consumer reports as
27  stated in 15 U.S.C. §1681e(b) and TransUnion's duties regarding investigation of
28  disputed items under 15 U.S.C. §1681i.

80.     TransUnion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following TransUnion's receipt of Plaintiff's dispute is a willful violation of TransUnion's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

81.     TransUnion's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which TransUnion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

82.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

83.     Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to <u>ensure maximum possible accuracy</u> of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

84.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item <u>within a reasonable</u> time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

85.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which EXPERIAN is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's fees associated with filing suit.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

86.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

87.     Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure <u>maximum possible accuracy</u> of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

WHEREFORE Plaintiff Nicole Amarillas demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory and punitive damages;

3.     For Plaintiff's fees, attorney fees, if any; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

## **VERIFICATION**

I, Nicole Amarillas, declare and state as follows:

I am the Plaintiff in the above-entitled matter.  I have read the foregoing Amended Complaint and know the content thereof and the same is true of my own knowledge, except as to matters which are stated upon my own information and belief, which I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 21, 2016 at Antioch, California.

by: _____
Nicole Amarillas
All Rights Reserved

- 13 -